*848 OPINION.
Smith:
The most important question for decision is whether the petitioner had a net loss for the year 1919 within the meaning of section 204 of the Revenue Act of 1918. The respondent has found that the deductions allowable from gross income are $26,704.16 in excess of the gross income; the petitioner alleges that this excess should be increased in the amount of $10,600, representing an investment in the stock of the Al. A. Boeck Co., and by $3,795.65, representing the Liebmann bad debt ascertained and charged off in 1919. The respondent does not admit that the excess of the allowable deductions over the gross income represents a net loss under section 204 of the taxing statute. That section provides in part as follows:
(a) That as used in tills section the term “net loss” refers only to net losses resulting from either (1) the operation of any business regularly carried on by the taxpayer, or (2) the bona fide sale by the taxpayer of plant, buildings, machinery, equipment or other facilities, constructed, installed or acquired by the taxpayer on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war; and when so resulting means the excess of the deductions allowed by law (excluding in the case of corporations amounts allowed as a deduction under paragraph (6) of subdivision (a) of section 234) over the sum of the gross income plus any interest received free from taxation both under this title and under Title III.
(b) If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this title and by Title III for such preceding taxable year shall be redetermined accordingly. Any amount found to be due to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year.
We think that the contention of the petitioner that the excess of the deductions from the gross income of 1919 is a net loss under section 204 is untenable in the light of the evidence. It is not every deduction from gross income that is to be taken into consideration in determining a net loss. The petitioner’s tax return for 1919 shows the deduction of many items that clearly are not connected with any regular trade or business carried on by him.
The petitioner’s tax return for 1919 shows net income “ from business or profession,” as $78,246.60. The respondent has permitted deductions therefrom of $104,685.75 to produce a loss of $26,367.72. *849 The petitioner contends that the deductions should be increased by $10,600 and $3,795.65 above indicated. The $10,600 represents the cost to the petitioner of shares of stock of the Al. A. Boeck Co. The evidence shows that this company was laboring under an enormous deficit prior to the war period and that it had no net income during the war period. Its merchandise was practically all sold. We are of the opinion that the stock was worthless long prior to 1919 and that the petitioner is not entitled to claim any deduction from gross income of 1919 in respect of the worthlessness of this stock. We are of the opinion, however, that the petitioner sustained a loss in respect of his loans to G. Liebmann and that this loss is properly allocated to the year 1919. It was in this year that the petitioner determined the worthlessness of the debt and claimed it as a deduction from gross income in his tax return. The petitioner therefore had legal deductions for the year 1919 of $30,163.37 in excess of gross income. In the computation of such excess the following deductions from gross income have been made:
Interest paid on personal indebtedness_ $7,190.46
Personal taxes paid- 496. 84
Contributions_ 1, 090.10
Investment in worthless mining stock_ 2, 358.96
G. Liebmann — Loan without security — uncollectible_ 3, 795.65
T. Harbeek — Loan without security — uncollectible_ 4,000. 00
G. Gregg — Loan, party has disappeared_ 800. 00
Salaries paid stenographer and bookkeeper handling private affairs_ 1,207. 00
Advance for drilling oil well (proved failure)- 2, 500.00
Advance for mining pyrites (proved failure)- 1, 603.00
Advance for manufacture of Rattol Rat Poison (business closed)_ 2,991. 63
Loss on W. S. plant- 1, 500.00
Al. A. Boeck Co. loss- 13, 802.38
Malaspena Mine loss_1- 59, 868.34
Total_ 104,204.36
It will be noted from the foregoing that many of the deductions taken by the petitioner in his return were personal in nature and were not connected with his regular business. We have held in Appeal of J. J. Harrington, 1 B. T. A. 11, that losses upon investments in shares of stock by an individual are not legal deductions from gross income in determining a net loss under section 204 of the Bevenue Act of 1921. A like ruling must be made under the Revenue Act of 1918. The petitioner was engaged in the business of manufacturing pharmaceutical preparations for sale and in the mining-business as an operating owner of mines of various kinds and as an investor in mining enterprises. The evidence is conclusive that a *850 large part of the deductions above enumerated were not sustained in the “ operation of any business regularly carried on by the taxpayer.” The business of the Al. A. Boeck Oo. was not a business regularly carried on by the petitioner. We are not informed as to the nature of the Malaspena Mine loss. We do not know whether it resulted from the operation of the mine in 1919. It was not claimed as a loss on the original return. The evidence does not warrant any finding that the petitioner sustained a net loss in 1919 under section 204 of the Revenue Act of 1918.
In view of our decision upon this point it becomes unnecessary for us to consider whether the petitioner sustained any loss in 1918 upon his investment in the stock of the company operating the Amador Mine.
There remains to be considered whether the petitioner is entitled to deduct from gross income of the year 1920, $1,399.51 representing the loss of his loan to one Oordes many years prior thereto. There is evidence that in 1920 the petitioner endeavored to ascertain the probability of collecting anything upon this acco'unt. The patents owned by Cordes were found to be unsalable and Cordes could not be located. Acting upon such information the petitioner charged off the account as worthless and claimed the amount as a legal deduction from gross income in 1920. We think the amount was deductible from the gross income of that year.

Judgment will he entered on 15 da/ys’ notice, under Bule 50.

Phillips dissents on the ground that the evidence establishes a net loss for 1919 which is deductible in 1918.